# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-3192**

**September Term, 2024**

**1:24-cr-00239-CKK-1**

**Filed On:** February 21, 2025

United States of America,

   Appellee

  v.

Douglas Edelman,

   Appellant


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Childs, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's December 11, 2024 order revoking appellant's pretrial release status pursuant to 18 U.S.C. § 3148(b) be affirmed. Appellant does not contest the district court's finding that he violated a condition of his release that prohibited him from directly contacting co-conspirators listed in the indictment. See 18 U.S.C. § 3148(b)(1)(B). And the district court correctly found that appellant was unlikely to abide by any condition or combination of conditions of release in the future, based on the timing and the nature of appellant's contacts with his co-conspirators, appellant's demeanor and tendency to minimize the seriousness of his violation, and the inability of Pretrial Services to actively monitor appellant's use of communications technology. See 18 U.S.C. § 3148(b)(2)(B). Insofar as appellant asserts that the district court applied an erroneous burden of proof in making this latter determination, any such error would have been harmless, because the evidence on which the district court relied was sufficient to satisfy even the more stringent clear and convincing evidence standard for which appellant argues.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 24-3192

## September Term, 2024

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk